# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL J. HOWARD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY,<br>Warden,<br><br>　　　　　　Respondent. | Case No. 2:18-cv-01207-MRA (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends denial of Petitioner's second request to stay these proceedings while he pursues potential avenues for relief in the state courts. (ECF No. 87.) As stated below, Petitioner's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects that the Court should stay the case while Petitioner returns to the state court at the state court's own invitation. (ECF No. 88 at 2.) The

purported invitation was the California Supreme Court's denial of Petitioner's state habeas petition "without prejudice to any relief to which petitioner might be entitled after this court decides *People v. Mumin*, S271049." (ECF No. 49-6.) This objection fails to address the Report's finding that Petitioner concedes that he "hasn't raised any *Mumin* claims, and isn't going to." (ECF No. 87 (citing ECF No. 85 at 2).)

Petitioner objects that the Report failed to mention *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) (*en banc*). (ECF No. 88 at 2.) In *Curiel*, the Ninth Circuit recognized that, in California, "[a] dismissal without prejudice for failure to plead with specificity invites a refiling of the habeas petition[.]" *Curiel*, 830 F.3d at 870-71. This objection is unfounded because the Report did substantively address Petitioner's basic argument that he was "invited" to refile in state court, by concluding that "[d]espite the fact the state supreme court left open the possibility that Petitioner could seek further relief following its decision in *Mumin*, that did not cause the court's decision in Petitioner's case to be less than final." (ECF No. 87 (collecting supporting cases).)

Petitioner objects that a stay is supported because further state court proceedings might "bear in some way" on these proceedings in at least three ways: "mooting these proceedings; resetting the AEDPA limitations period; or altering the standard of review." (ECF No. 88 at 2.) This objection is entirely speculative. Petitioner has not identified any unexhausted claim that might "bear in some way" on these proceedings. *Cf. Mediterranean Enterprises, Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (holding that a stay pending arbitration was proper where the arbitrator "might well decide issues which bear in some way on the court's ultimate disposition" of claims that were actually raised in the Complaint).

Petitioner objects that this case presents an "unusual situation" where the California Supreme Court invited Petitioner to return to state court. (ECF No. 88 at 3.) This objection, however, does not undermine the Report's conclusion that, for

purposes of this federal habeas action, the California Supreme Court's denial of his habeas petition nonetheless was final and that his claims are exhausted. (ECF No. 87 at 5-6.)

Finally, Petitioner objects that, even though this case has been pending since 2018, it would be "perverse" to treat it as a reason to deny his stay. (ECF No. 88 at 3.) To the contrary, given how long this case has been pending, the Magistrate Judge properly concluded it would be improper to grant "an indefinite stay for speculative investigative purposes." (ECF No. 87 at 8.) *See also Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("[Habeas] was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'") (quoting *Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)).

In sum, Petitioner's objections are overruled.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Petitioner's Motion for a Stay of his Federal Writ of Habeas Corpus (ECF No. 80) is denied.

DATED: May 13, 2024

MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE